JOSEPH H. RIMBACK v. THE ESSEX COUNTY PARK COMMISSION.

Argued June 8, 1898—Decided November 7, 1898.

1. Under the County Park act (*Pamph. L.* 1895, *p.* 169; *Gen. Stat.*, *p.* 2618), when a single sum has been awarded by commissioners to all persons interested in the land condemned, one of those persons may appeal to the Circuit Court in respect to his separate interest.

2. On such an appeal being taken, the court should ascertain to what portion of the sum awarded by the commissioners the appellant is entitled, in order that the costs of the appeal may be legally adjudged, and that the shares of those not appealing may be paid to them.

---

On case certified from the Essex Circuit Court.

Before Justices DIXON, LUDLOW and COLLINS.

For the appellant, *S. Howell Jones.*

For the respondent, *Joseph L. Munn.*

The opinion of the court was delivered by

DIXON, J. The fourth section of the County Park act of March 5th, 1895 (*Pamph. L.*, *p.* 169; *Gen. Stat.*, *p.* 2618), provides that the appraisement commissioners shall appraise the lands or rights in land and assess the damages of all persons interested in the land required for a public park; that in case of any dispute between the owner and other party in-

terested as to their respective rights or shares in and to the sum so assessed and ascertained, the park commission may pay said sum to the county clerk, to be disbursed among the parties entitled to the same, by the order of the Circuit Court of the county, upon the application of any party interested and due notice to the others, and that should the owners of the lands or of rights in the land feel aggrieved by the award of the commissioners, they or either of them may appeal from the award, in respect to their interests therein, to the Circuit Court of the county.

Under this act commissioners in Essex county appraised at a single sum the rights of an owner and of a tenant in possession who had also an option to purchase. The tenant appealed to the Circuit Court, and thereupon the Circuit asked the advice of this court upon the following matters, viz. :

*First.* Whether, under the act entitled "An act to establish public parks in certain counties in this state" (*Gen. Stat.*, §§ 51, 52, *tit. "Public Parks"*), the above-named Joseph H. Rimback, as lessee, under a lease for years, whose leasehold interest is condemned in the same proceedings and embraced in the same award of damages as the fee of the land, may carry on an appeal from such award, there being no separate valuation of his interest as lessee in the award made by the commissioners.

*Second.* Whether such appeal, if lawful, should be taken by the tenant alone without joining the landowner.

*Third.* Whether the proper practice in such case is for the tenant to take the appeal in the joint names of himself and the landowner and afterwards, if the landowner is unwilling, enter a severance and proceed in the name of the tenant alone.

*Fourth.* Whether a tenant, holding by virtue of a written lease containing an option to purchase the leased lands, may, pending the duration of such option, take such an appeal in the joint names of tenant and landowner and prosecute the same, where the award is made under said act in a gross sum for all interests in the condemned lands.

*Fifth.* Whether such tenant holding such option, on giving security for costs, may prosecute such an appeal without the consent and against the will of the landowner.

*Sixth.* Whether the service upon said park commissioners of a notice and a copy of an injunction (*pro ut* the same hereto annexed), issued out of the Court of Chancery subsequently to the taking of the above-mentioned appeal, restraining said Rogers, the landowner, from interfering with or opposing the said appeal and proof of service of such notice before the Circuit Court, shall be considered as a waiver by said Rogers, the landowner, of his objection and opposition to the prosecution of the said appeal in his name, the park commissioners being the objecting party on whose objection the appeal was denied.

The act clearly gives the tenant a right to appeal in respect to his interest, and we think such an appeal may be taken by him alone, without joining the landowner. We see no good reason for compelling the owner to jeopardize his interest in the award by joining in the appeal, nor should his acquiescence in the award be allowed to defeat the right of the tenant. The owner has no legal concern with an appeal which the tenant takes in respect to his own interest solely. Whether the appeal should be presented in the name of the tenant alone or in the names of himself and the owner, followed by a summons calling upon the latter to join in prosecuting the appeal or be severed therefrom, is a matter of form only.

On an appeal being taken, the court, according to the statute, becomes vested with authority to determine the question of the value of the land, or the rights in land, and the damages, and is to frame an issue on which a jury may assess the value of the land, or the rights in land, and the damages. On the verdict of the jury, the court is directed to enter judgment for the amount thereof, with costs for the appellant if the jury has increased the valuation in his favor, but allowing costs against him if the jury has failed so to do.

These provisions seem to require that, in case of an appeal taken by some, not all, of the parties interested in the property condemned, the court should ascertain to what portion of the original award the appellants are entitled, in order that costs may be legally adjudged upon the verdict and that the shares of those not appealing may be paid to them. Although the express authority to make such an ascertainment is conferred by the statute upon the court only when the sum awarded by the commissioners has been paid to the county clerk, yet a like authority, to be exercised, of course, in accordance with the general principles of judicature, appears to be fairly implied in the case supposed.

The views thus expressed indicate our response to the several questions propounded by the Circuit.